JEREMIAH GORE *versus* JOSEPH ELWELL.

If a record be destroyed or irrecoverably lost, parol evidence is admissible to show, that it once existed, and the purport of it.

The writ, with the officer's return of his doings in virtue of it, is to be regarded as appertaining to, and indeed a part of the record.

THIS case came before the Court on a statement of facts by the parties, from which it appears, that the action is a writ of entry on a mortgage of certain land in Buxton, from one Staples, bearing date Feb. 13, 1828, and recorded on Feb. 15, 1828. This mortgage was not contested, but the defendant claimed priority of title under an attachment and levy of

an execution on the premises against said Staples in favor of Charles Bradley and others, whose title the tenant has. A judgment was rendered at June Term, 1829, in the County of Cumberland in favor of Bradley and others against Staples; and an execution issued thereon, and was levied on the premises in due form on July 23, 1829, within thirty days of the judgment, and recorded in the registry of deeds within three months. The execution was returned into the clerk's office from whence it issued.

The statement then proceeded as follows. The judgment in said suit is recorded in the clerk's office of said Court, but on diligent search of said office, and records, and files, the original writ, which was founded on several promissory notes, and other original papers on which said judgment was founded, are not to be found. The record of said judgment does not contain the return of the officer of any attachment on the writ which was the foundation of the suit on which the said execution issued; but a deputy sheriff, Edmund Coffin, would testify, if the proof be admissible, to the admission of which the demandant objects, that on his record of services of writs, made by him, he finds, that on Sept. 15, 1827, he served a writ in favor of Charles Bradley & al. against said Staples, and returned on the same that he had on that day attached the premises. The Court shall determine the case in such manner as to law and justice will appertain.

*Fessenden, Deblois & Fessenden* argued for the demandant, that no attachment of the property by the grantors of the tenant had been proved by any legal testimony. The judgment was after the mortgage, and as the record now stands, the title of the demandant has the priority. The testimony of Coffin, the officer, is inadmissible to supply the deficiency in the record. *Lamb* v. *Franklin M. Co.* 18 Maine R. 187. This cannot be done by parol. *Boody* v. *York,* 8 Greenl. 272; *Morton* v. *Chandler,* 7 Greenl. 44; *Moody* v. *Moody,* 2 Fairf. 253; *Legg* v. *Legg,* 8 Mass. R. 99. Nor can the Court give aid by ordering the deficiency in the record to be supplied. *Kirby* v. *Wood,* 16 Maine R. 81. Without the

writ it cannot appear, that the Court had jurisdiction, and this must appear by the record. *Libby* v. *Main,* 2 Fairf. 344. No amendment of the record can be made which would, as in this case, affect the rights of third persons. *Freeman* v. *Paul,* 3 Greenl. 260; *Emerson* v. *Upton,* 9 Pick. 167; *Williams* v. *Brackett,* 8 Mass. R. 240. An officer cannot be permitted to explain or alter his returns. *Putnam* v. *Hall.* 3 Pick. 445.

*Bradley,* for the tenant, said that this was not an attempt to supply what the record ought to have contained, but never did contain, but to supply that which the record did once contain, but which is now wanting by the loss and destruction of it.

Because a part only of the record is lost, it is no less a case for the admission of parol evidence to supply it. *Cady* v. *Eggleston,* 11 Mass. R. 282.

If this is but evidence in the case, as it would seem from the case *Kirby* v. *Wood,* 16 Maine R. 81, it is equally competent to prove its loss, and the contents of it. And whether it is record or evidence, as it is lost and destroyed, parol evidence of its contents is admissible. *Stockbridge* v. *West-Stockbridge,* 12 Mass. R. 402; *Cady* v. *Eggleston,* 11 Mass. R. 282; Greenl. Ev. 553; *Pruden* v. *Allen,* 23 Pick. 184.

The writ not being found in the clerk's office, is sufficient evidence of its loss. *Jones* v. *Fales,* 5 Mass. R. 101.

The evidence offered is the best the nature of the case admits of, and that is sufficient. 6 Cowen, 404; 10 Mass. R. 333.

The opinion of the Court was drawn up by

WHITMAN C. J. — The authorities cited by the counsel for the defendant are clearly in point to show, that, if a record be destroyed or irrecoverably lost, parol evidence is admissible to show, that it once existed, and the purport of it. The writ, with the officer's return of his doings in virtue of it, is to be regarded as appurtenent to and indeed a part of the record. That it has, in this instance been casually lost is not contro-

verted; and the rights of the defendant cannot be allowed to be affected by the loss. Writs and the returns of officers thereon, are never entered verbatim and at length on the records of the doings of the Court, consequent upon their being returned into Court. They remain on the files of the Court. They are, therefore, liable to be casually lost and destoyed; more so than the volumes of records of judgments. Deplorable indeed might be the condition of many of the titles, under levies on real estate, if parol evidence were inadmissible to show the existence of an original writ, and the return of the service thereon, in case of its loss. We think the plaintiff should become nonsuit.